IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **BUDDY JENE YEARY,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 1:11-CV-768-LY |
| | § | |
| **RISSIE OWENS, ET AL,** | § | |
| *Defendant.* | § | |

**DEFENDANTS FREEMAN, GARCIA, HENSARLING, HIGHTOWER, KIEL,
MARSHALL, MOBERLY, RUZICKA, SHIPMAN, AND SPEIER'S
MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(1) AND 12(b)(6)**

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

Defendants Texas Board of Pardons and Paroles Commissioners[1] Pamela D. Freeman, Tony Garcia, James Hensarling, Elvis Hightower, James Paul Kiel, Jr., Trenton Marshall, Marsha S. Moberly, Lynn Ruzicka, Charles Shipman, and Charles C. Speier, through the Attorney General of Texas, file this motion to dismiss the claims against them in their official and individual capacities in the above-styled case pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). Defendants offer the following:

**I.   SUMMARY**

On September 6, 2011, Plaintiff Buddy Jene Yeary filed this suit, through counsel, pursuant to 42 U.S.C § 1983 complaining of an alleged violation under the Due Process Clause of the Fourteenth Amendment in regard to his sex offender conditions. Plaintiff is currently a parolee under the supervision of the Parole Division of the Texas Department of Criminal Justice (TDCJ) until June 23, 2027.

---

[1] Retired Parole Commissioner Edgar Morales has not been served, although named.

Yeary has sued a number of state officials, in their official capacities, seeking equitable, declaratory, and injunctive relief. Plaintiff is also suing the state officials for monetary damages in their individual capacities. Specifically, Yeary seeks a declaratory judgment that "the process employed by the Defendants in the present case violate the Due Process Clause of the Fourteenth Amendment because it fails to provide Plaintiff with the procedural safeguards of meaningful notice, a fair opportunity to be heard, or prior knowledge of the factual basis upon which an official discretionary decision is to be made, and because no finding was made that Plaintiff possessed "a threat to society by reason of his lack of sexual control." Docket Entry (DE) 1, p. 24.

In 2007, while pending his release from prison, Plaintiff was presented with the then-used *Coleman* notice and given an opportunity within 30 days to present any evidence or statement in writing, through the Parole Division, to the voting parole panel. The voting panel conducted a review of the information presented by the Parole Division and the parolee, if any, and then voted whether or not to impose sex offender conditions on the parolee. In 2007, a voting panel of the Texas Board of the Pardons and Paroles voted to impose sex offender conditions on Yeary. *See* TBPP Exhibit 1 and testimony from September 20, 2011 Hearing.[2] No further action has been taken regarding Yeary by the Board of Pardons and Paroles since 2007. *Id.*

The testimony of the TDCJ Parole Division officials at the September 20, 2011 hearing, indicated that they were attempting to comply with due process requirements in *Ex Parte Evans* and *Meza v. Livingston*; however, Yeary was resisting their attempts by refusing to have a current sex

---

[2] Defendants ordered the transcript from the September 20, 2011 hearing; however it was not ready at the time of the filing of this motion.

offender evaluation completed. *Id*. Parole Division officials also testified that nothing had been presented to the Board of Pardons and Paroles regarding Yeary since 2007. *Id.*

Defendants assert their entitlement to Eleventh Amendment immunity in their official capacities. All Texas Board of Pardons and Parole board members and parole commissioners assert their entitlement to absolute immunity for their parole decisions. Defendants assert their entitlement to qualified immunity in their individual capacities.

## II.   STANDARD OF REVIEW

A district court's dismissal for lack of subject matter jurisdiction under FED.R.CIV.P. 12(b)(1) is reviewed *de novo*. *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).

The decision of a district court to grant a defendant's motion to dismiss under FED.R.CIV.P. 12(b)(6) is reviewed *de novo*. *Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995).

## III.   MOTION TO DISMISS

In support of this motion to dismiss, Defendants attach and rely on the following evidence:

    **Exhibit A:**    Affidavit of Pamela D. Freeman;

    **Exhibit B:**    Affidavit of Tony Garcia;

    **Exhibit C:**    Affidavit of James Hensarling;

    **Exhibit D:**    Affidavit of Elvis Hightower;

    **Exhibit E:**    Affidavit of James Paul Kiel, Jr.;

    **Exhibit F:**    Affidavit of Trenton Marshall;

    **Exhibit G:**    Affidavit of Marsha S. Moberly;

    **Exhibit H:**    Affidavit of Lynn Ruzicka;

**Exhibit I:**             Affidavit of Charles Shipman; and,

**Exhibit J:**             Affidavit of Charles C. Speier.

Although no voting panel has had the opportunity to provide Plaintiff with a due process hearing regarding a request to re-impose sex offender conditions, Plaintiff is challenging whether the Board of Pardons and Paroles' current policy provides due process under *Ex Parte Evans* and *Meza v. Livingston.*

Even if this Court were to find that the Board of Pardons and Paroles' due process procedures were constitutionally deficient as in regards to Yeary, the Defendant Parole Commissioners are without authority to fulfill the Plaintiff's request. As to these Defendants, Plaintiff fails to meet the redressability element of standing under Article III jurisdiction.

## A.     Lack of Article III Jurisdiction

Under Article III of the Constitution, the federal courts have jurisdiction over a claim between a plaintiff and a defendant only if it presents a "case or controversy." In order to establish a case or controversy sufficient to give a federal court jurisdiction over their claims, plaintiffs must satisfy three criteria. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555,560, 112SD.Ct. 2130 (1992). First they must show that they have suffered, or are about to suffer, an "injury in fact." Second, "there must be a causal connection between the injury and the conduct complained of." Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* If any one of these three elements –injury, causation, and redressability–is absent, plaintiffs have no standing in federal court under Article III of the Constitution to assert their claim. *Okpalobi v. Foster,* 244 F.3d. 405, 425-427, (5th Cir. 2001).

Plaintiff has failed to overcome the Parole Commissioners' entitlement to Eleventh Amendment immunity as he has failed to properly effectuate the narrow exception created by *Ex parte Young*. The Parole Commissioners' entitlement to Eleventh Amendment immunity remains intact; and accordingly, they are entitled to the dismissal of the claims for prospective injunctive relief and declaratory relief as jurisdictionally barred.

**B.      Prospective Injunctive Relief/Declaratory Relief**

*Ex parte Young* and its progeny allow a narrow exception to Eleventh Amendment immunity in claims against state officials for prospective injunctive relief. 209 U.S. 123 (1908); *Green v. Mansour*, 474 U.S. 64, 68 (1985); *Edelman v. Jordan*, 415 U.S. 651, 666-68 (1974). Nevertheless, Plaintiff must first demonstrate that he meets the elements of standing as discussed above.

Any probe into the existence of a *Young* exception should gauge (1) the ability of the official to enforce the statute at issue under his statutory or constitutional power, and (2) the demonstrated willingness of the official to enforce the statute. *Okpalobi v. Foster,* 244 F.3d. 405, 425-427, (5th Cir. 2001). The *Okpalobi* court further noted that the "necessary fiction of *Young* requires that the defendant state official be acting, threatening to act, or at least have the ability to act." *Okpalobi,* 244 F.3d. at 405, *citing Ex Parte Young,* 290 U.S. at 159, 28 S.Ct. 441. Moreover, the Fifth Circuit pointed out that a state official cannot be enjoined to act in any way that is beyond his authority to act in the first place. *Okpalobi v. Foster,* 244 F.3d at 427.

A favorable decision for the Plaintiff will not allow Defendants Freeman, Garcia, Hensarling, Hightower, Kiel, Marshall, Moberly, Ruzicka, Shipman, and Speier in their respective official capacities to redress Plaintiff's complained of injury. None of the Defendant Parole Commissioners have the authority to amend, ratify, or approve of Board policies or rules either by statute or by practice, which would include the creation of constitutionally sufficient policies.

Defendant Parole Commissioners are not given the authority by statute. TEXAS GOVERNMENT CODE, Section 508.036(a)(1) states in relevant part: "The presiding officer [of the Board of Pardons and Paroles] shall develop and implement policies that clearly separate the policy-making responsibilities of the board and the management responsibilities of the board administrator, parole commissioners, and the staff of the board; . . ." TEXAS GOVERNMENT CODE, Section 508.036(a)(1) states in relevant part: "The board shall adopt rules relating to the decision-making processes used by the board and the parole panels; . . ." The board as defined in §508.001(1), TEX. GOV'T CODE, is the Board of Pardons and Paroles. By contrast, parole commissioners are defined as "persons employed by the board to perform the duties described in Section 508.0441." TEX. GOV'T CODE, §508.001(8). The statutes governing the BPP and the Parole Commissioners do not vest any authority in the Parole Commissioners to adopt, amend, or ratify any board policy or rule.

Likewise by practice, parole commissioners do not adopt, amend, or ratify any board policy or rule. Furthermore, Defendants Freeman, Garcia, Hensarling, Hightower, Kiel, Marshall, Moberly, Ruzicka, Shipman, and Speier also testify by affidavit that they do not participate in the promulgation, adoption or the amendment of Board policies and rules. *See* Exhibits A - J.

Defendants Freeman, Garcia, Hensarling, Hightower, Kiel, Marshall, Moberly, Ruzicka, Shipman, and Speier's authority in their respective official capacities is limited to the authorities and responsibilities of a parole commissioner for the TBPP. Defendants do not have the authority to provide the kind of injunctive relief that Plaintiff is requesting. As *Okpalobi* points out, Defendants Freeman, Garcia, Hensarling, Hightower, Kiel, Marshall, Moberly, Ruzicka, Shipman, and Speier cannot be forced to provide prospective injunctive relief beyond the authority of their positions.

Therefore, Plaintiff has failed to state a claim for prospective injunctive relief against Defendants Freeman, Garcia, Hensarling, Hightower, Kiel, Marshall, Moberly, Ruzicka, Shipman, and Speier in their official capacities as to the creation or enactment of a new Board policy from the existing policy. Accordingly, Plaintiff's claim for injunctive relief /declaratory relief against these Parole Commissioners in their official capacities should be dismissed as a matter of law.

**C.      Qualified Immunity**

In order to overcome a defendant's entitlement to qualified immunity at the pleadings stage, a plaintiff must satisfy a two-part test. *Kipps v. Callier*, 197 F.3d 765, 768 (5th Cir. 1999)(citing *Morris v. Dearborne*, 181 F.3d 657, 665 (5th Cir. 1999)). First, a court evaluating a claim of qualified immunity must "determine whether the plaintiff has alleged the deprivation of a constitutional right at all." *Wilson v. Layne*, 526 U.S. 603, 603-604 (1999); *see also Morris v. Dearborne*, 181 F.3d 657, 665 (5th Cir. 1999). Second, the court must "determine whether that right was clearly established at the time of the alleged violation." *Wilson*, 119 U.S. at 604. In analyzing whether a plaintiff has overcome a defendant's entitlement to qualified immunity, the first issue is whether Plaintiff has stated the violation of a constitutional right at all.

**D.      Personal Involvement**

A Section 1983 plaintiff must establish a causal connection between an alleged constitutional deprivation and each defendant whom he would hold responsible. Absent personal involvement, no recovery may be had. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). A civil rights plaintiff cannot simply make generalized allegations or assert legal or constitutional conclusions to satisfy these requirements. *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992). To sustain his complaint, a plaintiff must instead state particular facts specifying the personal involvement of each defendant.

*Fee v. Herndon*, 900 F.2d 804 (5th Cir.) *cert. denied*, 498 U.S. 908 (1990).  These facts must create an affirmative link between the claimed injury and the defendant's conduct.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  A public official may not be held liable on a *respondeat superior* theory of liability.

E.   **Each Specific Defendant**

No specific factual allegations have been made against each Defendant individually.  Plaintiff is suing the Defendant Parole Commissioners for the same alleged action in their individual capacities as in their official capacities.  There are no specific allegations that each Defendant took any adverse actions against Plaintiff, nor are there any specific allegations that each Defendant failed to take any actions, which each was constitutionally obligated to do.  Plaintiff has failed to allege any facts showing how each defendant in their individual capacities caused him a constitutional harm.  As established through Defendants' attached affidavits, Defendants did not enact any policy or procedure, which may cause Plaintiff harm in the future, (as Plaintiff has not been before the Parole Board since 2007).  As such, Plaintiff has failed to allege any personal involvement against any of these defendants in their individual capacities.  Without a showing of personal involvement, Yeary has failed to state a necessary element of a § 1983 cause of action against these Defendants in their individual capacities.  Plaintiff's broad allegations are insufficient to overcome a motion to dismiss based upon qualified immunity.  Accordingly, all claims against Defendants in their individual capacities should be dismissed for failure to state a claim.

**ACCORDINGLY**, Defendants Freeman, Garcia, Hensarling, Hightower, Kiel, Marshall, Moberly, Ruzicka, Shipman, and Speier respectfully pray this Court grant their motion to dismiss

pursuant to FED. R. CIV. P. 12(b)(1) and (12)(b)(6) and for such and further relief to which they may be justly entitled.

        Respectfully submitted,

        **GREG ABBOTT**
        Attorney General of Texas

        **DANIEL T. HODGE**
        First Assistant Attorney General

        **BILL COBB**
        Deputy Attorney General for Civil Litigation

        **DAVID C. MATTAX**
        Director of Defense Litigation

        **DAVID A. TALBOT, JR.**
        Law Enforcement Defense Division Chief

        /s/ Celamaine Cunniff
        **CELAMAINE CUNNIFF**
        Assistant Attorney General
        State Bar No. 05231500

        **BRUCE R. GARCIA**
        Assistant Attorney General
        State Bar No. 07631060

        P. O. Box 12548, Capitol Station
        Austin, Texas 78711
        512.463.2080
        512.495.9139 (Fax)

        **ATTORNEYS FOR DEFENDANTS FREEMAN, GARCIA, HENSARLING, HIGHTOWER, KIEL, MARSHALL, MOBERLY, RUZICKA, SHIPMAN, AND SPEIER**

## NOTICE OF ELECTRONIC FILING

I, **CELAMAINE CUNNIFF**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a true and correct copy of the above and foregoing **Defendants Freeman, Garcia, Hensarling, Hightower, Kiel, Marshall, Moberly, Ruzicka, Shipman, and Speier's Motion to Dismiss** in accordance with the Electronic Case Files System of the Western District of Texas on October 4, 2011.

          /s/ Celamaine Cunniff
          **CELAMAINE CUNNIFF**
          Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **CELAMAINE CUNNIFF**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Defendants Freeman, Garcia, Hensarling, Hightower, Kiel, Marshall, Moberly, Ruzicka, Shipman, and Speier's Motion to Dismiss** was served to all counsel of record via electronic case filing notice on this the 4th day of October, 2011 to:

Richard Gladden
Attorney at Law
1411 North Elm Street
Denton, Texas 76201

Wm T. Habern
Habern, O'Neil & Pawgan, LLP
P. O. Box 8930
Huntsville, Texas 77340
*Attorneys for Plaintiff*

Seth Dennis / Allan Cook
Assistant Attorney Generals
Office of the Attorney General
*Attorneys for Co-Defendants*

          /s/ Celamaine Cunniff
          **CELAMAINE CUNNIFF**
          Assistant Attorney General