IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2011 OCT -7  AM 10: 47

| | | |
|---|---|---|
| BUDDY JENE YEARY, | § § | |
| PLAINTIFF, | § § | |
| V. | § § | CAUSE NO. A-11-CA-768-LY |
| RISSIE OWENS, IN HER INDIVIDUAL AND OFFICIAL CAPACITY AS DIRECTOR AND PRESIDING CHAIR OF THE TEXAS BOARD OF PARDONS AND PAROLES; BETTIE L. WELLS, IN HER INDIVIDUAL CAPACITY AS GENERAL COUNSEL TO THE TEXAS BOARD OF PARDONS AND PAROLES; CONRINTH DAVIS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS A MEMBER OF THE TEXAS BOARD OF PARDON AND PAROLES; JUANITA M. GONZALEZ, IN HER INDIVIDUAL AND OFFICIAL CAPACITY AS A MEMBER OF THE TEXAS BOARD OF PARDON AND PAROLES; DAVID G. GUTIERREZ, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS A MEMBER OF THE TEXAS BOARD OF PARDON AND PAROLES; JAMES W. LAFAVERS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS A MEMBER OF THE TEXAS BOARD OF PARDON AND PAROLES; THOMAS A. LEEPER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS A MEMBER OF THE TEXAS BOARD OF PARDON AND PAROLES; MICHELLE SKYRME, IN HER INDIVIDUAL AND OFFICIAL CAPACITY AS A MEMBER OF THE TEXAS BOARD OF PARDON AND PAROLES; PAMELA D. FREEMAN, IN HER INDIVIDUAL AND OFFICIAL CAPACITY AS A COMMISSIONER OF THE TEXAS BOARD OF PARDON AND | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |

| | |
|---|---|
| PAROLES; TONY GARCIA, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS A COMMISSIONER OF THE TEXAS BOARD OF PARDON AND PAROLES, JAMES HENSARLING, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS A COMMISSIONER OF THE TEXAS BOARD OF PARDON AND PAROLES; ELVIS HIGHTOWER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS A COMMISSIONER OF THE TEXAS BOARD OF PARDON AND PAROLES; JAMES PAUL KIEL, JR., IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS A COMMISSIONER OF THE TEXAS BOARD OF PARDON AND PAROLES; TRENTON MARSHALL, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS A COMMISSIONER OF THE TEXAS BOARD OF PARDON AND PAROLES; MARSHA S. MOBERLY, IN HER INDIVIDUAL AND OFFICIAL CAPACITY AS A COMMISSIONER OF THE TEXAS BOARD OF PARDON AND PAROLES; EDGAR MORALES, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS A COMMISSIONER OF THE TEXAS BOARD OF PARDON AND PAROLES; LYNN RUZICKA, IN HER INDIVIDUAL AND OFFICIAL CAPACITY AS A COMMISSIONER OF THE TEXAS BOARD OF PARDON AND PAROLES; CHARLES SHIPMAN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS A COMMISSIONER OF THE TEXAS BOARD OF PARDON AND PAROLES; CHARLES C. SPEIER, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS A COMMISSIONER OF THE TEXAS BOARD OF PARDON AND PAROLES; STUART JENKINS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS DIRECTOR OF THE | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ |

| | |
|---|---|
| PAROLE DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE; JANET LATHAM, IN HER INDIVIDUAL AND OFFICIAL CAPACITY AS SEX OFFENDER PROGRAM SPECIALIST WITH THE PAROLE DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE; AND EARL EL-AMIN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS SUPERVISING PAROLE OFFICER, WITHIN DISTRICT III, OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE, <br><br>          DEFENDANTS. | § § § § § § § § § § § § § § § § |

## ORDER GRANTING PRELIMINARY INJUNCTION

Before the Court is the above-styled and numbered cause. On September 6, 2011, the Court granted Plaintiff's Motion for Temporary Restraining Order (Clerk's Doc. No. 2), which temporarily prohibited Defendants from enforcing or taking any action with respect to a specified list of sex-offender conditions attached to the terms of Plaintiff's parole. On September 20, 2011, the Court held a hearing on Plaintiff's Application for Preliminary Injunction (Clerk's Doc. No. 27). Plaintiff requests a preliminary injunction prohibiting Defendants from enforcing the sex-offender conditions of his parole or requiring Plaintiff to submit to a "penile plethysmograph" assessment unless and until Plaintiff is first provided with a hearing as set forth in *Meza v. Livingston*, 607 F.3d 392, 409-13 (5th Cir. 2010). Plaintiff also requests that the Court designate "impartial decisionmakers" or "neutral finders of fact" other than named Defendants to preside over Plaintiff's hearing and that the preliminary injunction be granted without the requirement of a bond. The Court orally granted Plaintiff's request for preliminary injunction in part at the hearing, which it now memorializes in this written order. As a result of the hearing, the Court makes the following findings.

Generally, four requirements must be met to obtain a preliminary injunction. A party seeking an injunction must demonstrate: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of suffering irreparable injury if the injunction is not granted; (3) that the threatened injury to the party seeking the injunction outweighs the threatened harm the injunction may do to opposing party; and (4) that granting the preliminary injunction will not disserve the public interest. *Karaha Bodas Co. v Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003). The Court may only grant a preliminary injunction if the party seeking the injunction has clearly carried the burden of persuasion on all four requirements. *Id.* Based on the allegations contained in Plaintiff's complaint and the evidence presented at the preliminary-injunction hearing, the Court concludes that Plaintiff has clearly carried his burden.

First, Plaintiff has established a substantial likelihood of success on the merits. *See id.* Plaintiff's complaint alleges that in April 2003 he pled guilty to the offense of "Possession or Transportation of an Immediate Precursor Chemical [Sulfuric Acid and Ethyl Ether]." In June 2007, he was issued a certificate of parole by the Texas Department of Criminal Justice, which informed Plaintiff that his parole was subject to various statutorily mandated sex-offender conditions. Subsequently, Plaintiff's parole officer informed him that he was required to enroll in the "sex offender treatment program," submit to "a sex offender evaluation," and undergo a "penile plethysmograph assessment," along with other conditions included in "Special Condition X." In June 2011, Plaintiff's parole officer informed him that he again must submit to a sex-offender evaluation. Plaintiff refused to comply. Plaintiff's parole officer informed Plaintiff that his failure to appear for a sex-offender evaluation would result in the revocation of his parole and the issuance of a warrant for his arrest.

Plaintiff has never been convicted of a sex offense. The Fifth Circuit Court of Appeals has repeatedly held that defendants who have not been convicted of a sex offense are entitled to due process before sex-offender registration and conditions may be imposed. *See Meza*, 607 F.3d at 411 (holding that state must provide due process before imposing sex-offender conditions as condition of mandatory supervision on parolee who has never been convicted of sex crime); *Coleman v. Dretke*, 395 F.3d 216, 223 (5th Cir. 2004) (holding that state must provide due process before imposing sex-offender registration and therapy as conditions to release on mandatory supervision of prisoner who has never been convicted of sex crime). *See also Ex Parte Evans*, 338 S.W.3d 545, 556 (Tex. Crim. App. 2011) (granting habeas relief to mandatory-supervision parolee who had not been convicted of a sex offense but had sex-offender conditions attached to terms of his parole).

There can be no doubt that the law is well-settled in this regard: The imposition of sex-offender conditions on a defendant who has not been convicted of a sex offense—whether a prisoner or a parolee—without first providing the defendant with certain due-process protections is unconstitutional. The Fifth Circuit's holdings in *Coleman* and *Meza* plainly state that the Texas Department of Criminal Justice and the Texas Board of Pardons and Paroles may *only* impose sex-offender conditions on a defendant who has not been convicted of a sex offense after providing the defendant with written notice of the intent to impose sex-offender conditions, an opportunity for a hearing, and upon a finding that the defendant "constitutes a threat to society by reason of his lack of sexual control." *Meza*, 607 F.3d at 411; *Coleman*, 395 F.3d at 225.

Plaintiff's complaint demonstrates that to date he has not received the due-process hearing to which he is entitled under *Coleman* and *Meza* and yet sex-offender conditions remain as a condition of his parole. Accordingly, Plaintiff has demonstrated a likelihood of success on the merits

of his civil-rights action, which pleads a due-process violation to his liberty interest in remaining free of sex-offender conditions under 42 U.S.C. § 1983.

Secondly, Plaintiff has also demonstrated a substantial threat of irreparable injury if the injunction is not granted. *Karaha Bodas Co.*, 335 F.3d at 363. Plaintiff's complaint alleges that Plaintiff's parole officer, Defendant El-Amin, threatened revocation of Plaintiff's parole and the issuance of a warrant for his arrest if Plaintiff failed to comply with the request for an updated sex-offender evaluation. At the hearing on Plaintiff's request for preliminary injunction, Defendants claimed that although Plaintiff currently has sex-offender conditions as a condition of his parole, they will take no action against Plaintiff for a violation of such conditions until after he has been provided a due-process hearing that determines that he constitutes a threat to society due to his lack of sexual control. The Court disagrees with Defendants that such a promise obviates the threat of irreparable injury to Plaintiff. So long as the sex offender conditions remain as a condition of Plaintiff's parole, neither Plaintiff nor the Court can be assured that Defendants will not continue to enforce the sex-offender conditions of Plaintiff's parole by threatening future revocation or arrest.

Finally, the Court finds both that the threatened injury to Plaintiff outweighs any threatened harm to Defendant's legitimate interests and that the public interest will not be disserved by granting temporary relief to Plaintiff. *Id.* Defendants can point to no threat of harm to any legitimate interest, governmental or public, that could result from the granting of a preliminary injunction in this case. The equitable relief sought by Plaintiff merely prohibits Defendants from infringing on Plaintiff's liberty interest in being free from sex-offender conditions unless and until he is provided with the procedural safeguards set forth in *Coleman* and *Meza*. The Constitution guarantees Plaintiff—as a defendant who has never been convicted of a sex offense—such protection.

In sum, the Court is of the opinion that Plaintiff has carried his burden of persuasion and is entitled to equitable relief in the form of a preliminary injunction that is to remain in effect until Plaintiff is provided with a due-process hearing or until further order of this Court.

**IT IS THEREFORE ORDERED** pursuant to Rule 65(a) of the Federal Rules of Civil Procedure that Plaintiff's request for preliminary injunction is **GRANTED** as follows:

Defendants, their agents, successor, assigns, or anyone acting in concert with them are hereby enjoined and prohibited from engaging in any actions intended for the purpose, or likely to cause, any restraint to Plaintiff's liberty based on his failure to comply with the sex-offender conditions imposed by Defendants, as specifically set forth below. Defendants are specifically enjoined and prohibited from enforcing the following sex-offender conditions of parole against Plaintiff unless and until Plaintiff is provided with a hearing in conformity with the procedural safeguards outlined in *Coleman* and *Meza*, including but not limited to the following conditions:

1) Requiring Plaintiff to "register as a sex offender under Chapter 62 of the Texas Code of Criminal Procedure";

2) Prohibiting Plaintiff from going in, on or within a distance specified by a parole panel of premises where children commonly gather;

3) Prohibiting Plaintiff from supervising or participating in any program that includes as participants or recipients, persons who are under 17 years of age or younger;

4) Requiring Plaintiff to attend psychological counseling as specified by his supervising officer;

5) Prohibiting Plaintiff from having any unsupervised contact with any person 17 years of age or younger;

6) Prohibiting Plaintiff from residing with, contacting, or causing to be contacted, any person 17 years of age or younger, in person, by telephone, correspondence, video or audio device, third person, media, or any electronic means;

7) Prohibiting Plaintiff from traveling outside his currently approved County of residence, to wit: Tarrant County, Texas;

8) Prohibiting Plaintiff from becoming involved in dating, marriage, or a platonic relationship with any person who has children 17 years of age or younger;

9) Prohibiting Plaintiff from maintaining or operating photographic equipment, to include Instamatic, still photo, video, or any electronic imaging equipment;

10) Requiring Plaintiff to enroll, participate in, and comply with the "Sex Offender Program" devised by Defendants;

11) Prohibiting Plaintiff from entering an institution of higher learning;

12) Requiring Plaintiff to enroll in a sex offender treatment program;

13) Prohibiting Plaintiff from participating in volunteer activities;

14) Prohibiting Plaintiff from possessing sexually explicit literature; or

15) Requiring Plaintiff to submit to polygraph testing concerning his "sexual history."

**IT IS FURTHER ORDERED** that Plaintiff's request for preliminary injunction is in all other respects **DENIED**.

**IT IS FINALLY ORDERED** that this preliminary injunction is effective as of September 20, 2011, at 4:00 p.m.

No bond shall be required from Plaintiff as a result of this preliminary injunction.

SIGNED this 7th day of October, 2011

LEE YEAKEL
UNITED STATES DISTRICT JUDGE